# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 2:07-CR-425 |
| v. | * | SECTION: "J" |
| BYRON NEAL<br>    a/k/a "Kabooby" | * | |
| | * * * | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

**NOW INTO COURT**, through the undersigned Assistant United States Attorneys, comes the

United States, who respectfully requests that the Defendant's Motion to Withdraw Plea of Guilty

(Rec. Doc. No. 204) be denied, as set forth below.

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

After being originally indicted in December 2007, the defendant, Byron Neal, a/k/a

"Kabooby" (the "defendant" or "Neal") faced five serious counts of, among others, drug trafficking

and attempted murder of a federal witness, in a superseding indictment returned by the Grand Jury

in February 2009. *See* Rec. Doc. No. 52 (Superseding Indictment).  On July 18, 2011, three-and-a-

half years since the original indictment, after multiple delays of trial by the defense, and after

announcing ready for trial and undertaking *voir dire* and picking a jury, the defendant voluntarily

changed his mind, expressed his wishes to plead guilty, and knowingly pled guilty under oath. *See*

Rec. Doc. No. 196 (July 18, 2011 Minute Entry).  Despite a lengthy re-arraignment, where the Court

specifically inquired as to the defendant's understanding of all the charges; the rights he was giving

up by pleading guilty; a specific recital by the Government of all the facts proving the defendant's

1

guilt; and the defendant's admission, under oath, of his own guilt as to each and every charge contained in the pending indictment, the defendant now claims – *without any support whatsoever* – that he was "under duress" to plead guilty and that he "really wanted to go to trial" to prove that he is "not a bad person." Rec. Doc. No. 204 (defendant's letter to Court requesting withdrawal of his guilty plea). As set forth below, in nearly identical situations, the Fifth Circuit has repeatedly denied motions to withdraw guilty pleas after a defendant enters into a knowing and voluntary re-arraignment and consistently affirms his guilt under oath. His request should thus be denied.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The Court is familiar with the facts of this case and they will only be repeated to the extent necessary for purposes of this Opposition. On December 13, 2007, Neal was charged in the original, three-count indictment with distributing fifty grams or more of cocaine base (Counts One and Two) and possession with intent to distribute five grams or more of cocaine base (Count Three). *See* Rec. Doc. No. 1 (Original Indictment). After several continuances, Neal's trial on these drug charges was originally set for February 2009. *See* Rec. Doc. No. 38. On February 5, 2009, after law enforcement obtained and acted on information the defendant was trying to kill the confidential source who would testify against him at the trial, the Grand Jury returned the Superseding Indictment, carrying over the drug violations from the original charges and adding two counts – conspiracy to murder a federal witness and witness tampering (Counts Four and Five). *See* Rec. Doc. No. 52. Subsequent to this information, the defendant's conspirator in the murder plot, his brother, Shad Neal, pled guilty to his role and implicated his brother as the mastermind of the plot. *See* Rec. Doc. No. 75 (Shad Neal Factual Basis).

In May 2009, the defendant filed his Notice to Assert an Insanity Defense under Rule 12.2 of

the Federal Rules of Criminal Procedure. *See* Rec. Doc. No. 66 (the "Notice"). After two years of tests and evaluations, in July 2011, this Court held a hearing to determine (1) whether the defendant was competent to stand trial; and (2) if he was competent to stand trial, whether the defendant would be permitted to raise any evidence of his alleged insanity at the time of the offense(s). At the conclusion of that hearing, after listening to expert testimony from both sides, this Court determined that Neal was, in fact, competent to stand trial and, after a brief recess, Neal voluntarily withdrew his notice of insanity defense.

On July 18, 2011, both parties announced they were ready for trial. Prior to *voir dire*, the Government explained, on the record, new directives from the Department of Justice relating to potential sentencing treatments in cocaine base offenses. *See* July 18, 2011 Re-Arraignment Transcript ("Re-Arr. Tr.") at 3 (attached as Exhibit A). After *voir dire*, the defense attorney announced that his client would plead guilty to all charges in the indictment. *See id.* at 8. On July 26, 2011, the Court received the defendant's letter requesting to withdraw his guilty plea because, in part, he wanted the opportunity to prove he was not a "bad person." *See* Rec. Doc. No. 204 at 1.

## III.   ARGUMENT AND AUTHORITIES

### A.   Applicable Law Governing a Request to Withdraw a Guilty Plea

"A defendant does not have an absolute right to withdraw [his] guilty plea." *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003) (citing *United States v. Brewster*, 137 F.3d 853, 857 (5th Cir. 1988)); *see United States v. Grant*, 117 F.3d 788, 789 (5th Cir. 1997) (citing *United States v. Badger*, 925 F.2d 101, 103 (5th Cir. 1991)). A district may only permit the defendant to withdraw his guilty plea if he can show a "fair and just reason." *See United States v. Washington*, 480 F.3d 309, 316 (5th Cir. 2007) (citing FED. R. CR. P. 11(d)(2)(B); *Powell*, 354 F.3d at 370). The defendant

bears the burden of establishing a fair and just reason for withdrawing his plea and permitting a defendant to withdraw his plea without a substantially just reason "would defeat the purpose of the plea hearing and diminish the significance of entering pleas." *United States v. Adam*, 296 F.3d 327, 332 (5th Cir. 2002) (quoting *United States v. Grant*, 117 F.3d 788, 791 (5th Cir. 1997)). In evaluating whether a defendant has met his burden, a district court in the Fifth Circuit considers seven factors:

> whether (1) the defendant asserted his innocence; (2) withdrawal would cause the government to suffer prejudice; (3) the defendant delayed in the filing of the motion; (4) withdrawal would substantially inconvenience the court; (5) close assistance of counsel was available; (6) the original plea was knowing and voluntary; and (7) withdrawal would waste judicial resources.

*Powell*, 354 F.3d at 370 (citing *United States v. Carr*, 740 F.2d 343-44 (5th Cir. 1984)). The *Carr* Court also noted that, in addition to the seven factors noted above, where the defendant asserts a defense at the time of his request to withdraw the guilty plea, district courts should also examine why such a defense was not proffered earlier. *See Carr*, 740 F.2d at 344. The decision to permit or deny withdrawal of a guilty plea "is based on the totality of the circumstances," and the district court "is not required to make findings as to each of the *Carr* factors." *Powell*, 354 F.3d at 370 (citing *Carr*, 740 F.2d at 343-44)). The Court is also not required to hold an evidentiary hearing unless the defendant alleges facts that, applying the *Carr* factors to them, would justify relief. *See Washington*, 480 F.3d at 316 (citing *Powell*, 354 F.3d at 370).

**B.      The Defendant's Request to Withdraw His Guilty Plea Should Be Denied**

Application of the *Carr* factors instructs that - as the Fifth Circuit has done repeatedly in similar circumstances - the defendant's request should be denied.

**1.      The first *Carr* factor favors the Government.**

As to the first *Carr* factor, the defendant fails to assert actual innocence.  In his letter to the Court, the defendant repeatedly expresses a desire for a trial to prove that he is "not a bad person," as opposed to claiming he is actually innocent of the charges pending against him.  Rec. Doc. No. 204 at 1 ("I really wanted to go to trial and prove that I am not a bad person..." and that he "really want[ed] to fight to prove that I am not a bad person").  Indeed, contrary to asserting any innocence, the defendant expressly admitted in his letter – as he did under oath at re-arraignment – that he had committed wrongful and illegal acts as charged.[1]  *Id.* at 2 ("I am not telling you that I am this person that did not do wrong."); *see* Rec. Doc. No. 197 (Factual Basis); Exhibit A/Re-Arr. Tr. at 24 (expressly pleading "guilty" to each count).  As the Fifth Circuit has held, declarations of guilt by a defendant, under oath in open court, "carry a strong presumption of verity."  *United States v. Lampanziane*, 251 F.3d 519, 524 (5th Cir. 2001) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)); *see United States v. Adam*, 296 F.3d 327, 333 (5th Cir. 2002) (upholding denial of a motion to withdraw a guilty plea where defendant declared his guilt under oath at re-arraignment proceeding).  The first *Carr* factor thus cuts in favor of denying the defendant's request to withdraw his plea.  *See, e.g. Adam*, 296 F.3d at 333; *United States v. Ard*, 2007 WL 3046590, at \*4-5 (E.D. La. Oct. 18, 2007) (unpublished) (Barbier, J.) (denying defendant's motion to withdraw guilty plea where, among other things, defendant does not assert actual innocence).

---

[1] In fact, the only purported defense claimed by Neal in his letter is that he was insane at the time of the offense(s) – a defense this Court heard evidence on and the defendant voluntarily withdrew after an exhaustive *Daubert* hearing.  *Id.* at 2 (discussing his "insanity defense"). Moreover, to the extent Neal argues he was "manipulated" into undertaking the acts charges in counts four and five, *see id.* at 1, such a claim is belied by the factual basis of his brother and co-defendant, Shad Neal, which provided evidence of the defendant's role in the plot to murder the confidential informant.  *See* Rec. Doc. No. 75 (Shad Neal's factual basis).

**2.     The second *Carr* factor counsels against the defendant's request.**

As to the second *Carr* factor, as an initial matter, "there is no occasion to [even] inquire into the matter of prejudice unless the defendant first shows a good reason for being allowed to withdraw his plea..." *Ard*, 2007 WL 3046590, at *7 (E.D. La. Oct. 18, 2007) (Barbier, J.) (quoting *United States v. Benavides*, 793 F.2d 612, 617 (5th Cir. 1986)).  As set forth below, the defendant has no good reason justifying his request and therefore, this factor does not even need to be considered by the Court.  *See id.*

However, in an abundance of caution, even if considered, the second *Carr* factor – whether the Government would suffer prejudice if the defendant was permitted to withdraw his guilty plea – cuts in favor of the Government. The sheer length of time it has taken this case to proceed from original indictment to trial was nearly three-and-a-half years (the bulk of which was prompted by changes in defense counsel and the defense's inability to have Neal timely evaluated for competency or sanity purposes), and some of the conduct the Government was prepared to present as evidence took place four years prior from the date of trial. *Compare* Rec. Doc. No. 1 (Original Indictment in 2007) *with* Rec. Doc. No. 196 (Re-arraignment in 2011).  Should the defendant be permitted to withdraw his guilty plea, the Government would be prejudiced insofar as it would then require additional time to prepare witness testimony addressing conduct from four years ago.  *Cf. Lampazianie*, 251 F.3d at 525 (denying motion to withdraw guilty plea because, in part, Government would be prejudiced since three years had passed from indictment until trial date and relevant conduct took place seven years prior).[2]

---

[2]To the extent Neal argues that the Government would suffer no prejudice since it was ready to try the case, the Fifth Circuit has repeatedly rejected such an argument in the context of motions to withdraw guilty pleas.  *See, e.g. Adam*, 296 F.3d at 333-34; *Lampazianie*, 251 F.3d at

### 3. The fourth and seventh *Carr* factors favor the Government.[3]

The fourth and seventh *Carr* factors – whether withdrawal would inconvenience the Court or waste judicial resources – certainly counsels against granting the defendant's request. As noted above, this case was on the Court's docket for nearly four years prior to the defendant's guilty plea, which took place on the morning of trial. At the time of the defendant's knowing and voluntary plea, this Court had already expended judicial resources to prepare for the imminent trial: jurors had been called to appear, *voir dire* by the Court and the parties had taken place, and the Court had prepared for the legal issues confronting the parties for trial. Additionally, the Government had expended resources in preparation for trial: out-of-town witnesses had flown in for their testimony (including out-of-state DEA chemists) and physical evidence (such as the drugs in question) were flown in from out-of-state to be presented at trial. Finally, permitting the defendant to withdraw his guilty plea and re-setting this case for trial would likely affect the rights of other accused persons who may lose their position on this Court's calendar. *See Carr*, 740 F.2d at 346 (citing *Everett v. United States*, 336 F.2d 979, 984 (D.C. Cir. 1964)); *see also Grant*, 117 F.3d at 790 (denying withdrawal of guilty plea because, among other things, it would disrupt trial docket, inconvenience the court, and waste judicial resources). A withdrawal of the defendant's plea at this point would clearly waste these resources and inconvenience the Court. Accordingly, the defendant's request

---

525; *see also United States v. Benavides*, 793 F.2d 612, 617 (5th Cir. 1986) (where the defendant proffers no credible reason for the withdrawal request, the fact that the Government may suffer no prejudice is not relevant).

[3]Reliance by the defendant on the third *Carr* factor – whether the defendant delayed in filing his withdrawal request – is not enough to carry the defendant's burden. *See Lampazianie*, 251 F.3d at 524 (no single factor is dispositive) (citation omitted); *Carr*, 740 F.2d at 344-45 (reliance on one *Carr* factor is not enough to overcome the defendant's burden).

should be denied. *See Carr*, 740 F.2d at 346 (finding that it would waste judicial resources to permit a defendant to withdraw his guilty plea when the Court made expenditures associated with jurors and witnesses in preparation for trial)

### 4. The fifth *Carr* factor cuts in favor of the United States.

There is no question that Neal had the close assistance of available counsel at all times during this case (the fifth *Carr* factor). As an initial matter, the defendant had the services of multiple attorneys during the pendency of this case, including both a privately-retained counsel and a court-appointed one. *See* Rec. Doc. No. 5 (initial appointment of federal public defender); Rec. Doc. No. 16 (order granting enrollment of privately-retained counsel); Rec. Doc. No. 48 (appointment of counsel pursuant to Criminal Justice Act). In turn, those attorneys clearly explored potential avenues of defenses, including any defenses based upon insanity or mental defects. *See, e.g.* Rec. Doc. No. 66 (defendant's notice of intent to assert insanity defense). Indeed, the defendant's counsel retained the services of *two* experts that conducted *multiple* evaluations and produced *five* written reports in an effort to bolster the claimed defense. *See, e.g.* Government's Memorandum in Support of Motion in Limine to Exclude Insanity Defense (filed under seal on June 30, 2011) and exhibits thereto. Additionally, prior to the trial date, Neal's defense counsel filed numerous motions, responses, and memoranda, indicating prepared and effective counsel was assisting his cause. *See, e.g.* Rec. Doc. Nos. 63, 101, 108, 122, 129, 147, and 153 (Motions to Continue); 184 (Response in Opposition to Government's Motion to Exclude Insanity Defense); and 189 (Response in Opposition to Government's Motion to Exclude Expert Testimony).

Moreover, at the time of the re-arraignment, Neal's counsel relayed for the Court that he had discussed the charges with the defendant and any possible defenses he may have had with respect

to those charges. *See* Exhibit A/Re-Arr. Tr. at 5 (noting that Neal's counsel "thoroughly discussed the evidence, the transcript[s], the reports, [] Shad Neal's testimony and factual basis" with the defendant), 13 (noting that Neal's attorney discussed the charges and any possible defenses with the defendant). Finally, the defendant himself acknowledged the assistance of his counsel at the re-arraignment proceeding, affirmatively answering, under oath, the Court's questions as to whether he was satisfied with the services of his attorney. *See id.* at 13 (acknowledging that the defendant had sufficient time to discuss the charges against him, as well as any possible defenses and that the defendant was satisfied with the services of his attorney). Under these circumstances, the fifth *Carr* factor cuts in favor of denying Neal's motion. *See, e.g. United States v. Arbuckle*, 390 Fed. Appx. 412, 419 (5th Cir. Aug. 17, 2010) (unpublished) (finding defendant had close assistance of counsel where defense counsel filed numerous motions and defendant testified, among other things, that he was satisfied with the services of his attorney).

### 5.      The defendant's plea was knowing and voluntary.

The Fifth Circuit has held that, where the procedures of Rule 11 have been complied with (specifically, addressing the defendant in open court to determine voluntariness), and where the defendant has notice of the charges against him, understands the rights he is waiving, and has access to the advice of competent counsel, a plea is knowing and voluntary. *See, e.g. United States v. Washington*, 480 F.3d 309, 315-16 (5th Cir. 2007) (citation omitted); FED. R. CR. P. 11(b)(2). Moreover, where the defendant, under oath, makes statements that his plea is knowing and voluntary, it creates a "presumption that in fact the plea is valid." *Washington.*, 480 F.3d at 316 (quotation omitted). Finally, where a defendant equivocates about a plea, the district court may nonetheless accept the plea if, after time to consult with counsel, the defendant announces he is

ready to plead guilty.  *See id.* at 315 (citation omitted).

Here, the lengthy, 30-page transcript of the re-arraignment proceeding reflects that the defendant's plea was knowing and voluntary (the sixth *Carr* factor) and therefore, he should not be permitted to withdraw it.  The defendant – *repeatedly and under oath* – acknowledged the charges against him and admitted his guilt with respect to all of the charges in this case.  *See, e.g.* Exhibit A/Re-Arr. Tr. at 13-15 (defendant acknowledging the substances of the five counts charged against him in the superseding indictment); 18-20 (defendant admitting he committed the acts charged in the indictment).  The defendant was specifically told of the rights he was giving up by pleading guilty, and he acknowledged that it was his desire to give up those rights.  *See id.* at 15-18 (defendant acknowledging he did not have to plead guilty; that the government would not need to prove at trial the defendant's guilty; and various rights he was giving up by pleading guilty, such as the right to an attorney, confrontation rights, presumption of innocence, right to jury trial, and subpoena rights).  The defendant also acknowledged the maximum possible sentence he could receive as to each count and was specifically apprised of the role of the Sentencing Guidelines in his case.  *See id.* at 20-24.  The Government then entered the factual basis into the record – a document which definitively proved the defendant's guilt – which was signed by the defendant and which he acknowledged before the Court was true and accurate.  *See id.* at 25-26.  Finally, the defendant affirmatively confirmed his guilt as to each count when directly asked by the Court:

> THE COURT: All right, sir.  How do you plead to Count 1 of this superseding indictment?
>
> THE DEFENDANT: Guilty.
>
> THE COURT: How do you plead as to Count 2?

THE DEFENDANT: Guilty.

THE COURT: How do you plead as to Count 3?

THE DEFENDANT: Guilty.

THE COURT: How do you plead as to Count 4?

THE DEFENDANT: Guilty.

THE COURT: How do you plead as to Count 5?

THE DEFENDANT: Guilty.

THE COURT: Are you pleading guilty to those counts because you are, in fact, guilty of the crime charged in each of those Counts 1 through 5?

THE DEFENDANT: Yes.

Exhibit A/Re-Arr. Tr. at 24. The defendant further acknowledged he was pleading guilty of his own volition, free from any promises or threats. *Id.* at 24-25. There is simply no question that the defendant understood the charges, acknowledged the rights he was giving up, and repeatedly under oath, admitted his guilt.[4] Accordingly, this *Carr* factor cuts in favor of denying the defendant's motion. *See, e.g. Washington*, 480 F.3d at 315-16 (citations omitted); *United States v. Washington*, 2010 WL 4366383, at *5-6 (E.D. La. Oct. 21, 2010) (Vance, C.J.) (unpublished) (finding defendant's plea knowing and voluntary where, among other things, defendant understood the charges and rights he was giving up, as well as affirmatively admitting his guilt to those charges);

---

[4]Moreover, to the extent Neal equivocated at all about his plea, he subsequently conferred with counsel, announced his desire to continue pleading guilty, and continued with the re-arraignment. *See* Exhibit A/Re-Arr. Tr. at 16-17 (after equivocating, Court asked the defendant if he wished to continue pleading guilty, to which the defendant answered affirmatively). Accordingly, his plea was knowing and voluntary. *Washington*, 480 F.3d at 315.

*Ard*, 2007 WL 3046590, at *5-6 (E.D. La. Oct. 18, 2007) (Barbier, J.).[5]

## IV.   CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny the

defendant's motion to withdraw his guilty plea.

Dated: October 11, 2011                    Respectfully Submitted,


                                           JIM LETTEN
                                           UNITED STATES ATTORNEY


                                           /s/ Matthew S. Chester
                                           MATTHEW S. CHESTER
                                           Texas Bar No. 24045650
                                           WILLIAM J. QUINLAN, JR.
                                           Louisiana Bar No. 22600
                                           Assistant United States Attorneys
                                           U.S. Attorney's Office - E.D. La.
                                           500 Poydras Street, Second Floor
                                           New Orleans, Louisiana  70130
                                           Telephone:  (504) 680-3000

---

[5]Additionally, as noted above, where the defendant proffers a defense at the time of his request to withdraw the plea, it may be relevant to examine why that defense was not proffered earlier, in determining whether to permit the withdrawal.  *See Carr*, 740 F.2d at 344.  Here, Neal does not assert any defense to the drug counts contained in the pending indictment (Counts 1-3), but makes a vague claim regarding the charges associated with his plot to murder the confidential witness (Counts 4 and 5). *See* Rec. Doc. No. 204 at 1.  Specifically, with regard to the attempted murder plot, Neal claims he "was manipulated by a fellow inmate" and was "played on because of [his] mental health problems." *Id.*  As this Court is well aware, the defendant's claim of incompetency was rejected and his assertion of insanity was voluntarily withdrawn after a lengthy *Daubert* hearing.  Thus, the defense asserted by the defendant in his withdrawal motion is nothing new; in fact, it was the same defense this Court rejected or the defendant himself withdrew.  Accordingly, this factor cuts in favor of denying his Motion.  *See Carr*, 740 F.2d at 346-47 (denying withdrawal motion where defendant's proffered defense was meritless).

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 11, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Matthew S. Chester
Matthew S. Chester
Assistant United States Attorney
