UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES                                    CRIMINAL ACTION

VERSUS                                           NO: 07-425

NEAL ET AL.                                      SECTION: "J" (5)

### ORDER & REASONS

Before the Court is Defendant Byron Neal (Petitioner)'s *Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255* **(Rec. Doc. 259)** and the Government's opposition thereto. (Rec. Doc. 264) Because the Court has found the record to be sufficient, no evidentiary hearing is required. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the motion should be **DENIED** for the reasons set forth more fully below.

### FACTS AND PROCEDURAL BACKGROUND

On December 13, 2007, a Federal Grand Jury returned a three-count indictment charging Petitioner for violations of the Federal Controlled Substance Act. (Rec. Doc. 1) The indictment included charges for two counts of knowingly and intentionally distributing fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Counts One and Two) and for one count of knowingly and intentionally possessing with intent to distribute a quantity of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 3). Id. Petitioner

pleaded not guilty to the indictment during the arraignment on December 17, 2007. (Rec. Doc. 5)

Petitioner was initially represented by the Federal Public Defender's office. (Rec. Doc. 8) Subsequently, on March 26, 2008, a Motion to Enroll as Counsel of Record was filed by Daniel E. Becnel, III, and the Court granted the motion on March 27, 2008. (Rec. Docs. 14, 16) Petitioner's counsel moved to withdraw as counsel on November 26, 2008. (Rec. Doc. 33) Although the motion was initially denied by the Court on December 1, 2008, Petitioner's counsel was permitted to withdraw during a pretrial conference on January 28, 2009. (Rec. Docs. 34, 43) The Magistrate Judge subsequently appointed the Federal Public Defender's office to represent Petitioner. (Rec. Doc. 45) His new counsel, John-Michael Lawrence, enrolled shortly thereafter. (Rec. Doc. 48)

On February 5, 2009, a federal grand jury returned a superseding indictment adding Petitioner's brother, Shad Neal, as a defendant, as well as two additional counts. (Rec. Doc. 52) The additional counts included charges that Petitioner and his brother conspired to murder a person assisting the United States Drug Enforcement Administration in violation of 18 U.S.C. §§ 1111, 1114, and 1117 (Count Four) and tampered with a witness or informant in violation of 18 U.S.C. §§ 1512(a)(1)(A) and 2

2

(Count Five). Id. Petitioner pleaded not guilty to all charges at the second arraignment. (Rec. Doc. 57)

After the superseding indictment was returned, Petitioner's counsel notified the government that Petitioner planned to assert an insanity defense pursuant to Federal Rule of Criminal Procedure 12.2(a)-(b). (Rec. Doc. 66) In response, the Government filed an unopposed motion seeking to have Petitioner undergo a psychiatric or psychological examination to determine his sanity at the time of the offense. (Rec. Doc. 69) The Court ordered that Petitioner be committed to the custody of the Attorney General and transported to a federal medical facility for a psychiatric or psychological examination and evaluation pursuant to 18 U.S.C. §§ 4242 and 4247(b). (Rec. Doc. 70) Following his examination of Petitioner, Dr. Jeremiah Dwyer issued a Forensic Evaluation Report, wherein he concluded Petitioner was sane and was not experiencing any psychological or physical symptoms at the time of the offense. See (Sealed Rec. Doc. 179-2, pp. 49-50, 58)

Petitioner's counsel also alleged that Petitioner was mentally incompetent to stand trial, prompting the Government on June 23, 2011, to file an unopposed motion seeking to have the Petitioner undergo a psychiatric or psychological examination to determine his competency pursuant to 18 U.S.C. § 4241(a) and 4247(b). (Rec. Doc. 168) On the same day, the Court granted the

3

motion and ordered that Petitioner be evaluated by Dr. Rennie Culver to assess his competency to understand the nature and consequences of the proceedings against him or to assist properly in his defense. (Rec. Doc. 169) On June 30, 2011, the doctor issued a report in which he concluded that Petitioner was competent to stand trial. (Sealed Rec. Doc. 190, pp. 46-47)

At a hearing on July 7, 2011, the Court addressed the issue of Petitioner's competency to stand trial. After considering the expert testimony as well as the multiple evaluations filed in the record under seal, the Court determined that Petitioner was competent to stand trial. See (Sealed Rec. Doc. 190, p. 1) During the same hearing, Petitioner withdrew his Federal Rule of Criminal Procedure 12.2 Notice, foregoing his intent to seek a not guilty by reason of insanity verdict. (Rec. Doc. 190)

On July 18, 2011, before the trial began, Petitioner withdrew his not guilty pleas and pleaded guilty to all charges contained in the superseding indictment. (Rec. Doc. 196; Rec. Doc. 214-1, pp. 9-27)  However, Petitioner moved to withdraw his guilty pleas the next day in a letter framed as a request "To Take Plea of Guilty Back." See (Rec. Docs. 204, 205) The Government filed an opposition thereto on October 11, 2011, and the Court set the matter for hearing. (Rec. Docs. 214, 215) On October 27, 2011, the Court denied Petitioner's motion to

withdraw guilty plea and sentenced him to 360 months' imprisonment. (Rec. Doc. 223, p. 2; Rec. Doc. 224)

On appeal, the U.S. Court of Appeals for the Fifth Circuit vacated Petitioner's convictions on Counts Four and Five and remanded for re-pleading with respect to those two counts in the indictment,[1] and affirmed his sentence with respect to the first three counts. (Rec. Doc. 249) The Fifth Circuit held that the Court violated Rule 11 of the Federal Rules of Criminal Procedure when it failed to advise Petitioner that he could plead guilty to Counts One-Three while choosing to go to trial on Counts Four and Five. Id. at 6-12. The Fifth Circuit affirmed the Court's denial of Petitioner's motion to withdraw his guilty plea as to Counts One-Three. Id. at 12-15. Finally, the Fifth Circuit rejected Petitioner's Fair Sentencing Act challenge to the Court's 360-month sentence and affirmed the sentence. Id. at 15-17. In October of 2013, the U.S. Supreme Court denied certiorari. (Rec. Doc. 256) Petitioner timely filed the instant motion on October 8, 2014, under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Rec. Doc. 259)

**PARTIES' ARGUMENTS**

Petitioner argues that his prison sentence should be modified for several reasons. First, Petitioner asserts that he

---

[1] After the Fifth Circuit remanded the case with respect to Counts Four and Five, the Government moved to dismiss those counts. (Rec. Doc. 250) The Court granted the motion on April 10, 2013. (Rec. Doc. 253)

5

was denied effective assistance of counsel because his attorney ignored his requests to go to trial, misrepresented the consequences of pleading guilty, and failed to properly argue his mental health issues. Id. at 15. Petitioner alleges that his attorney's ineffective assistance rendered his guilty plea involuntary since his attorney "failed to properly inform him of the potential sentencing range or the very real potential consequences of entering a guilty plea." Id. at p. 22. Second, Petitioner alleges that he had diminished mental capacity at the time of the guilty plea. Id. at p. 23 Specifically, Petitioner maintains that he "did not fully comprehend the premise of his plea or entrance of his plea as he suffers from serious mental illness and a mental retardation." Id. Petitioner also insists that his 360-month sentence failed to take into account his ongoing mental health issues and, as a result, is disproportionate to the crimes for which he was sentenced. Id. In essence, Petitioner's motion to vacate hinges on his allegation of diminished mental capacity and his ineffective assistance of counsel in light of his alleged lack of competence. Petitioner also requests that this Court conduct an evidentiary hearing to resolve his claims. Id. at 42.

In opposition, the Government argues that Petitioner is not entitled to an evidentiary hearing, his claims are either procedurally barred or without merit, and he is not entitled to

6

post-conviction relief. See (Rec. Doc. 264, p. 5) The Government asserts that Petitioner's claims based on ineffective assistance of counsel and the voluntariness of his guilty plea are procedurally barred because they were previously addressed by the Court when the Court denied Petitioner's motion to withdraw the guilty plea, as well as when the Fifth Circuit affirmed Petitioner's guilty pleas and sentence for Counts One, Two, and Three. Id. at pp. 5, 10-12. The Government argues that Petitioner's collateral attack of his prison sentence is likewise procedurally barred because "collateral review . . . does not provide relief from application of the sentencing guidelines." Id. at p. 11.

The Government contends that even if Petitioner's claims were properly before this Court, Petitioner's claims are all without merit. Id. at 6-10. As to Petitioner's ineffective assistance of counsel claim, the Government contends that Petitioner has failed to satisfy his burden of demonstrating that his counsel's representation was ineffective. Id. at 6. The Government also contends that Petitioner knowingly and voluntarily pleaded guilty to the original three drug charges, as evidenced by the transcript of the rearrangement hearing during which the Court questioned the Petitioner in detail to determine whether he was voluntarily pleading guilty and also

explained the application of the mandatory minimum sentences applicable to the charges against him. Id. at 8-10.

## DISCUSSION

A federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In a § 2255 motion, the Petitioner may request relief under 28 U.S.C. § 2255 based on (1) a sentence imposed in violation of the Constitution or the laws of the United States, (2) the sentencing court's lack of jurisdiction to impose the sentence, (3) the sentence being in excess of the statutory maximum sentence, or (4) the sentence is for some other reason subject to collateral attack. See id.; see also United States v. Faubion, 19 F.3d 226, 232 (5th Cir. 1994). Issues raised and disposed of on direct appeal are not subject to collateral review pursuant to a § 2255 motion. See United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994). In addition, the Supreme Court has held that the failure to raise a claim of ineffective assistance of counsel on direct appeal does not preclude the claim from being brought in a § 2255 proceeding. See Massaro v. United States, 538 U.S. 500, 504 (2003).

**A. Ineffective Assistance of Counsel Claim**

At the outset, the Court will consider the Government's argument that Petitioner is procedurally barred from disputing

8

the voluntariness of his guilty plea due to the ineffective assistance of counsel. (Rec. Doc. 264, pp. 10-12) The Government argues that this Court previously addressed the question of whether Petitioner involuntarily and knowingly pleaded guilty as a result of ineffective assistance of counsel in considering the validity of Petitioner's motion to withdraw guilty plea. Id. at 10-11. The Government further argues the issue was again raised and disposed of by the Fifth Circuit on direct appeal. Id. at 11-12.

Having evaluated the Government's procedural arguments, the Court finds that the Government's assertions are not supported by the record. Specifically, the Fifth Circuit did not address an ineffective assistance of counsel claim on direct appeal. Additionally, the Government incorrectly relies on this Court's decision to deny Petitioner's motion to withdraw guilty pleas prior to sentencing to support its claim that Petitioner's motion is procedurally barred. Although the question of whether Petitioner should have been permitted to withdraw his guilty plea required this Court and the Fifth Circuit to assess whether Petitioner received "close assistance of counsel" and "whether or not the original plea was knowing and voluntary," neither court directly addressed an ineffective assistance of counsel claim. See (Rec. Doc. 249). Section 2255 clearly provides prisoners in federal custody the right to attack their sentence

9

in a § 2255 motion for a sentence imposed in violation of the Constitution. See 28 U.S.C. § 2255(a); see also United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). As such, the Court will consider the merits of Petitioner's arguments raised in his motion regarding ineffective assistance of counsel.

To prevail on an ineffective assistance of counsel claim, the petitioner must satisfy the two-part test announced by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984). Under Strickland, the petitioner must demonstrate: (1) that his counsel's representation was deficient and (2) that the deficient representation prejudiced his defense. See id. If the Petitioner cannot satisfy one prong of the test, the Court need not consider the other. See id.

Deficient representation is representation falling "below an objective standard of reasonableness." Id. at 688. Under this standard, there is a "'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." Bell v. Cone, 535 U.S. 685, 702 (2002)(quoting Strickland, 466 U.S. at 694).

To satisfy the prejudice prong, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

10

proceeding would have been different." Id. at 694. In the context of a guilty plea, the result would have been different if the petitioner "would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Here, Petitioner argues that his counsel was deficient by: (1) ignoring his requests to go to trial, (2) misrepresenting the consequences of pleading guilty, and (3) failing to properly argue Petitioner's mental health issues. (Rec. Doc. 259, p. 15) "An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

Petitioner's arguments are unsupported by the record and without merit. First, Petitioner does not identify any particular instance where Petitioner's counsel misrepresented the consequences of pleading guilty. Petitioner also does not indicate what advice counsel should have offered him or how any additional advice from counsel would have affected his decision to plead guilty. Thus, the Court finds Petitioner's allegation of misrepresentation does not establish deficient performance or prejudice. Second, as for the alleged failure to properly raise Petitioner's mental health issues, Petitioner again fails to

11

provide any supporting evidence. The record shows that the public defender's office and his appointed attorney raised Petitioner's mental health issues and pursued an expert opinion on the matter. (See Rec. Doc. 165-1) At sentencing, Petitioner's counsel raised Petitioner's mental health issues, and those issues were one of the factors considered by the Court in determining the appropriate sentence. (Rec. Doc. 236, pp. 20-22, 24-25, 27-28)

Petitioner's only allegation of ineffective assistance that implicates counsel's actions and may have related to Petitioner's underlying decision to plead guilty concerns his counsel's alleged failure to address Petitioner's requests to go to trial. However, Petitioner has failed to provide specific support for this allegation. The record does not contain a clear and unequivocal request to go to trial and reveals only that Petitioner waffled in making what is, undoubtedly, a difficult decision.[2] In the end, however, Petitioner opted to plead guilty to all counts. Indeed, as the Fifth Circuit observed in its opinion, "[Petitioner's] desire to plead guilty to Counts One, Two, and Three was strong enough to lead him to forgo trial on

---

[2] Petitioner's motion includes record excerpts indicating his specific wish to proceed to trial on the conspiracy charges (Rec. Doc. 259, pp. 33-34); however, this Court does not address that argument here because it was previously resolved on direct appeal. Those charges have been dropped. It is curious that Petitioner has decided to advance those arguments here. By contrast, Petitioner's remaining claims regarding his "abundantly clear" wish to proceed to trial are either general and conclusory in nature or unsupported by the record. See id. at 32-38.

the other counts he indicated at the time he wanted to contest in court." (Rec. Doc. 249, p. 15) Petitioner has failed to demonstrate that any ineffective assistance affected his decision to plead guilty. As such, Petitioner has not satisfied his burden to support his claims of ineffective assistance of counsel in such a way as to warrant the modification of his sentence. See, e.g., United States v. Flores, 135 F.3d 1000, 1006-07 (5th Cir. 1998)(affirming the lower court's dismissal of a § 2255 motion based on claims that were "fatally conclusory and without merit").

    This Court finds that Petitioner has failed to satisfy either prong of the Strickland test by demonstrating that his counsel provided deficient representation or that his counsel's representation prejudiced his defense. Thus, the Court declines to hold a hearing on Petitioner's ineffectiveness of counsel claim or award Petitioner relief. See Hill, 474 U.S. at 60.

**B. Disproportionate Sentencing Claim**

    Petitioner also claims that his 360-month sentence violates the Eighth Amendment to the U.S. Constitution because it was grossly disproportionate to the crimes he was convicted of and did not take into account his mental health issues. A court will not modify pursuant to § 2255 a sentence that is within the statutory limits unless it is grossly disproportionate to the seriousness of the offense. Harmelin v. Michigan, 501 U.S. 957,

1001 (1991). As the Supreme Court has noted, successful proportionality claims beyond the context of capital punishment are "exceedingly rare," and relief based on alleged constitutional violations is granted only in "extreme" cases. Ewing v. California, 538 U.S. 11, 21-22 (2003)(quotations and citations omitted).

At sentencing, the Court considered factors including Petitioner's criminal background, the nature of the offenses, and Petitioner's mental health issues. (Rec. Doc. 236, pp. 24-25, 27-28) The Court expressly acknowledged that Petitioner's mental health issues were considered in determining the appropriate sentence, and the 360-month sentence imposed falls below the statutory maximum.[3] See 21 U.S.C. § 841(b)(1)(A)(iii)(2007). Because Petitioner has not demonstrated that his sentence was grossly disproportionate in light of the circumstances of this case, Petitioner is not entitled to relief based on this claim.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence **(Rec. Doc. 259)** is **DENIED**.

New Orleans, Louisiana this 4th day of March, 2015.

---

[3] Further, as the Fifth Circuit noted in addressing Petitioner's arguments that the Fair Sentencing Act (FSA) necessitated a reduction in his sentence, the sentence is actually within the statutory bounds of the amended, reduced sentence applicable to Count Two under the FSA. (Rec. Doc. 249, p. 16)

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

15