UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | No.: 07-425 |
| BYRON NEAL | SECTION: "J" |

## **ORDER & REASONS**

Before the Court is a *Motion to Reduce Sentence Pursuant to the First Step Act of 2018* **(Rec. Doc. 317)** filed by Byron Neal. The motion is opposed by the Government (Rec. Doc. 324). Neal, represented by counsel, has also filed a memorandum in support (Rec. Doc. 326). Considering the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## **FACTS AND PROCEDURAL BACKGROUND**

Neal was charged by superseding indictment in 2009[1] on five charges: two counts of distribution of 50 grams or more of cocaine base ("crack") (Counts One and Two); possession with intent to distribute a quantity of crack (Count Three); conspiracy to murder a person assisting the U.S. Drug Enforcement Administration (Count Four); and tampering with a witness or informant (Count Five). After jury selection, but before any further proceedings, Neal pleaded guilty without a plea

---

[1] Neal was initially indicted in 2007 only on Counts One through Three; the conduct underlying Counts Four and Five occurred while Neal was in custody for the original indictment.

agreement to all charges in the indictment. *United States v. Neal*, 509 F. App'x 302, 305-06 (5th Cir. 2013). The next day, he attempted to withdraw his guilty plea, but this Court denied his motion. *Id.* at 306.

The PSR found that Neal qualified as a career offender under USSG § 4B1.1(a), which would have provided for an offense level of 37, but found that the offense level computations for Counts Four and Five resulted in a higher adjusted offense level of 39. After a two-level decrease for acceptance of responsibility, his total offense level was 37. With a criminal history category of VI, Neal's guideline range was 360 months to life imprisonment. On October 27, 2011, the Court sentenced Neal to 360 months of imprisonment as to Counts One, Two, Four, and Five, and 240 months as to Count Three,[2] all to run concurrently with each other. The Court also sentenced Neal to a five-year term of supervised release on Counts One, Two, Four, and Five and a three-year term as to Count Three.

On appeal, the Fifth Circuit vacated Neal's convictions on Counts 4 and 5 because of an error in the Rule 11 colloquy but affirmed the sentence imposed on Counts One through Three. *Id.* at 304, 307-09. On remand, the Government moved to dismiss Counts Four and Five without prejudice, which the Court granted on April 10, 2013.

On August 6, 2018, Neal filed a motion to reduce sentence pursuant to Amendment 782 of the Sentencing Guidelines (Rec. Doc. 314). On April 22, 2019, he

---

[2] The statutory maximum for Count Three was not more than 20 years. *See* 21 U.S.C. § 841(b)(1)(C).

2

filed the instant motion to reduce sentence pursuant to the First Step Act (Rec. Doc. 317). Both motions are pending before the Court and are now ripe for decision.

## PARTIES' ARGUMENTS

The parties agree that Neal is eligible for a sentence reduction and that his new guidelines range is 210 to 262 months, based on a total offense level of 32 and criminal history category VI.[3] However, the Government opposes a sentence reduction for Neal based on his conduct underlying Counts Four and Five and contends that Neal's 360-month sentence should stand in light of its voluntary dismissal of those charges.

Neal, through counsel, first contends that he should be resentenced without the career offender enhancement because it is based on two offenses "from nearly 30 years ago, when Mr. Neal was in his early 20s" (he is now 49) and the enhancement is not warranted considering his "extraordinary post-sentencing conduct in prison over the last decade, [as well as] relevant Sentencing Commission data and guidance demonstrating a lower likelihood of recidivism." (Rec. Doc. 326, at 1, 3). Without the career offender enhancement, Neal's guideline range would be 84 to 105 months; thus, a sentence within that range would effectively be a sentence of time served.

In the alternative, Neal contends a sentence of no more than 210 months is appropriate because it would be consistent with the sentence previously imposed by the Court in that both sentences would be imposed at the bottom of the guidelines

---

[3] The screening form lists Neal's new guidelines range as 262 to 327 months, but the parties agree that this is incorrect because it fails to incorporate the two-level reduction for acceptance of responsibility.

range. Finally, Neal requests that the Court reduce his five-year term of supervised release on Counts One and Two to four years, consistent with the revised statutory minimum.

## **LEGAL STANDARD**

The First Step Act gives the Court discretion to reduce a sentence previously imposed as if sections 2 and 3 of the Fair Sentencing Act were in effect at the time the offense was committed. *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019). The Court determines a new sentence "by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act." *Id.* The Court may consider the 18 U.S.C. § 3553(a) sentencing factors and the defendant's post-sentencing conduct in determining whether to exercise its discretion. *See United States v. Jackson*, 945 F.3d 315, 322 nn. 7-8 (5th Cir. 2019).

## **DISCUSSION**

The Court agrees with the parties that Neal is eligible for a sentence reduction and that his new guidelines range is 210 to 262 months. However, the Court declines to exercise its discretion to reduce Neal's sentence.

In support of his request for a reduced sentence, Neal points to a laundry list of courses and vocational training programs he has completed while incarcerated, which he contends reflects his "consistent commitment to rehabilitation and self-improvement throughout his period of incarceration." (Rec. Doc. 326, at 6). In addition to academic and vocational programs, his list of coursework includes courses in

physical and mental health, personal growth, and life skills such as communication and parenting. His record also reflects that he was successively moved to lower-security facilities. Neal further contends that recent reports from the U.S. Sentencing Commission on career offender status and age support a below-guidelines sentence in his case. Finally, Neal contends that a downward variance is needed to avoid unwarranted sentencing disparities with his codefendant and brother, Shad Neal, who pleaded guilty to Count Four only and was sentenced to 147 months of imprisonment, and because another 14 years of incarceration for Neal is unnecessary to further the goals of deterring criminal conduct, protecting the public, and promoting respect for the law in light of Neal's post-sentencing conduct.

Yet the record reflects that Neal conspired to murder an informant while in custody and awaiting trial for his drug offenses. Specifically, he asked his brother Shad to hire a hitman and put him in touch with an undercover agent posing as a hitman. Shad then met with the agent and drove around with him attempting to locate the informant. Shortly afterwards, Shad was arrested and confessed that he was assisting Neal with trying to have the informant killed. He pleaded guilty to conspiracy to murder a person assisting the Drug Enforcement Administration and was sentenced to 147 months of imprisonment.

Considering the nature and circumstances of the offense and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, *see* § 3553(a)(1)–(2)(A), the Court declines to exercise its discretion to reduce Neal's sentence.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Byron Neal's *Motion to Reduce Sentence Pursuant to the First Step Act of 2018* **(Rec. Doc. 317)** is **DENIED**.

**IT IS FURTHER ORDERED** that Byron Neal's *Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2)* **(Rec. Doc. 314)** is **DENIED**.

New Orleans, Louisiana, this 10th day of March, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE