UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 07-425 |
| BYRON NEAL | SECTION: "J" |

### ORDER & REASONS

Before the Court is a *Motion for Compassionate Release* **(Rec. Doc. 332)** filed by Defendant Byron Neal. The Government opposes the motion (Rec. Doc. 335). Neal, acting pro se, has also filed a reply memorandum (Rec. Doc. 337). Considering the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

Neal was charged by superseding indictment in 2009[1] on five charges: two counts of distribution of 50 grams or more of cocaine base ("crack") (Counts One and Two); possession with intent to distribute a quantity of crack (Count Three); conspiracy to murder a person assisting the U.S. Drug Enforcement Administration (Count Four); and tampering with a witness or informant (Count Five). After jury selection, but before any further proceedings, Neal pleaded guilty without a plea agreement to all charges in the indictment. *United States v. Neal*, 509 F. App'x 302,

---

[1] Neal was initially indicted in 2007 only on Counts One through Three; the conduct underlying Counts Four and Five occurred while Neal was in custody for the original indictment.

305-06 (5th Cir. 2013). The next day, he attempted to withdraw his guilty plea, but this Court denied his motion. *Id.* at 306.

On October 27, 2011, the Court sentenced Neal to 360 months of imprisonment as to Counts One, Two, Four, and Five, and 240 months as to Count Three,[2] all to run concurrently with each other. The Court also sentenced Neal to a five-year term of supervised release on Counts One, Two, Four, and Five and a three-year term as to Count Three. On appeal, the Fifth Circuit vacated Neal's convictions on Counts 4 and 5 because of an error in the Rule 11 colloquy but affirmed the sentence imposed on Counts One through Three. *Id.* at 304, 307-09. On remand, the Government moved to dismiss Counts Four and Five without prejudice, which the Court granted on April 10, 2013.

On August 6, 2018, Neal filed a motion to reduce sentence pursuant to Amendment 782 of the Sentencing Guidelines.[3] On April 22, 2019, he filed a motion to reduce sentence pursuant to section 404 of the First Step Act.[4] The Court denied both motions, finding that Neal was eligible for a reduction under section 404 but declining to exercise its discretion due to Neal's participation in the conspiracy to murder an informant.[5] Neal then filed the instant motion on May 27, 2020.[6]

---

[2] The statutory maximum for Count Three was not more than 20 years. *See* 21 U.S.C. § 841(b)(1)(C).
[3] (Rec. Doc. 314).
[4] (Rec. Doc. 317).
[5] (Rec. Doc. 327). Neal appealed this decision, which remains pending before the Fifth Circuit. *United States v. Neal*, No. 20-30205 (5th Cir.).
[6] (Rec. Doc. 332, at 3); *see, e.g., Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (prison mailbox rule).

## **LEGAL STANDARD**

"A court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). To meet the exhaustion requirement, a defendant must submit a request to "the warden of the defendant's facility" for the BOP "to bring a motion [for compassionate release] on the defendant's behalf." § 3582(c)(1)(A). If the request is denied, the defendant must pursue and exhaust "all administrative rights to appeal." *Id.* Alternatively, the requirement is considered satisfied after "30 days from the receipt of such a request by the warden." *Id.* The exhaustion requirement is mandatory but not jurisdictional, meaning it may be waived if the Government does not raise it. *See United States v. Franco* 973 F.3d 465, 468 (5th Cir. Sept. 3, 2020); *see also Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1849 (2019).

In addition to finding extraordinary and compelling reasons, the Court must also find that a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The U.S. Sentencing Guidelines provide that a reduction should be granted only if "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2) (p.s.).

If the Court grants a sentence reduction, it may impose a term of supervised release with conditions, including home confinement, "that does not exceed the unserved portion of the original term of imprisonment." § 3582(c)(1)(A).

## DISCUSSION

Neal submitted a request for compassionate release to the warden of the facility where he is incarcerated on May 22, 2020.[7] On June 3, 2020, Neal's request was denied because Neal had "not identified any extraordinary or compelling circumstances warranting consideration for compassionate release."[8] The response letter advised Neal that he could appeal the decision within 20 days of his receipt of the response; however, there is no evidence that Neal did so. Nevertheless, the Government does not argue that Neal has not satisfied the exhaustion requirement. Accordingly, the Court finds that the Government has waived this requirement. *See Franco*, 973 F.3d at 468; *see also Fort Bend Cnty.*, 139 S. Ct. at 1849.

The Court pretermits the issue of whether Neal has demonstrated extraordinary and compelling reasons warranting a reduction in his sentence because Neal has failed to demonstrate that he is not a danger to others or the community. In determining dangerousness, the Court must consider the nature and circumstances of the charged offense, the history and characteristics of the defendant, and the nature and seriousness of the danger to a person or a community posed by the defendant's release. 18 U.S.C. § 3142(g). As the Court recounted in denying Neal's section 404 motion:

---

[7] (Rec. Doc. 335-1).
[8] (Rec. Doc. 335-2).

> [T]he record reflects that Neal conspired to murder an informant while in custody and awaiting trial for his drug offenses. Specifically, he asked his brother Shad to hire a hitman and put him in touch with an undercover agent posing as a hitman. Shad then met with the agent and drove around with him attempting to locate the informant. Shortly afterwards, Shad was arrested and confessed that he was assisting Neal with trying to have the informant killed.[9]

Additionally, Neal is a career offender and has prior convictions for, inter alia, firearms and drug distribution offenses.[10] Neal has not offered any argument to demonstrate that he is not a danger to others or the community. Accordingly, Neal has failed to carry his burden.

Finally, to the extent Neal requests home confinement apart from compassionate release, the Court cannot grant his request because it lacks the authority to order BOP to transfer him to home confinement. *See* 18 U.S.C. § 3621(b); *United States v. Voda*, 994 F.2d 149, 151-52 (5th Cir. 1993); *see also United States v. Mabe*, No. 3:15-CR-133, 2020 U.S. Dist. LEXIS 66269, at *1 (E.D. Tenn. Apr. 15, 2020).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Byron Neal's *Motion for Compassionate Release* **(Rec. Doc. 332)** is **DENIED**.

New Orleans, Louisiana, this 20th day of November, 2020.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[9] (Rec. Doc. 327, at 5).
[10] PSR ¶¶ 63-67.