U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED | Sep 12 2025

CAROL L. MICHEL
CLERK

SP | Mail

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 07-425** |
| **v.** | * | **SECTION: "J"** |
| **BYRON NEAL** | * | |

* * *

### REPLY TO UNITED STATES' RESPONSE TO
### DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

COMES Defendant, Byron Neal ("Neal or Mr. Neal"), appearing *pro se,* and files his Reply to United States' Response to Defendant's Motion for Compassionate Release, and would show as follows:

### INTRODUCTION

As a preliminary matter, Neal respectfully requests that this Court be mindful that *pro se* complaints are to be held "to less stringent standards than formal pleadings drafted by lawyers," and should therefore be liberally construed. See *United States v. Kayode*, 777 F.3d 719 (5th Cir. 2014); *Estelle v. Gamble*, 429 U.S. 97 (1976) (same); and *Haines v. Kerner*, 404 U.S. 519 (1972) (same).

In its opening to its response, the government asserts in conclusory fashion that Neal "fails to set any 'extraordinary and compelling' reasons" warranting relief. This characterization both minimizes the breadth of authority granted to district courts under 18 U.S.C. § 3582(c)(1)(A) and ignores the evolving understanding of "extraordinary and compelling circumstances." Courts are not bound by the narrow categories once confined to the Sentencing Commission's policy statements, particularly after the First Step Act shifted authority to defendants to bring such motions directly. The Government's rigid interpretation is inconsistent with binding jurisprudence recognizing that district courts possess discretion to evaluate a wide range of individualized factors, including health

conditions, rehabilitation, sentencing disparities, and family circumstances.

The United States' Response to Defendant's Motion for Compassionate Release ("GR") is divided into three main sections: (1) Factual Background; (2) Law and Argument; and (3) Conclusion. Neal will reply sequentially to each main section and their respective relevant subsections and sub-parts as follows:

## I.      Factual Background

Neal does not object to this section of the GR with the exception of the government's last sentence wherein the government contends that "Neals's motion . . . has no basis in law or fact and fails to set out an "extraordinary and compelling" reasons under 18 § U.S.C. 3582." GR at 3. For the reasons that follow below, he objects to the government's last sentence.

## II.     Law and Argument

### A.      Neal claims to have exhausted his administrative remedies as required for a compassionate release motion.

Neal does not object to this subsection, as the government has not disputed—and has therefore waived—his claim that he exhausted administrative remedies as required for a compassionate release motion.

### B.      Neal has not demonstrated extraordinary or compelling reasons for a sentence reduction, including "unusually long sentences".

#### 1.      The Government Misstates the Law on "Extraordinary and Compelling Reasons"

The Government asserts that Neal cannot rely on the Sentencing Commission's recent amendment to U.S.S.G. § 1B1.13(b)(6), which recognizes "unusually long sentences" as a potential basis for relief after ten years served. That argument is misplaced.

Congress expressly delegated to the Commission the authority to "describe what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t). Congress further directed the Commission to promulgate "general policy statements regarding . . . the appropriate use of sentence modification provisions set forth in section 3582(c)." 28 U.S.C. § 994(a)(2)(C). The Commission's November 2023 amendments fall squarely within that statutory delegation.

The Supreme Court has repeatedly held that where Congress has charged the Commission with issuing policy guidance, courts must respect that role. See *Dillon v. United States*, 560 U.S. 817, 826 (2010) (policy statements "binding" in sentence modification proceedings); *Mistretta v. United States*, 488 U.S. 361, 377 (1989) (Commission acts within a valid delegation of congressional power). Far from "supplanting Congress," the Commission carried out its precise statutory duty under § 994(t).

Congress was fully empowered to disapprove the November 2023 amendments under 28 U.S.C. § 994(p), but chose not to. By operation of law, the amendments are binding. See *Stinson v. United States*, 508 U.S. 36, 42 (1993). The Government's separation-of-powers argument is therefore without merit.

2.       Fifth Circuit Precedent Confirms Courts' Discretion to Recognize Broad Categories of Extraordinary and Compelling Reasons

The Fifth Circuit has long recognized that "district courts enjoy broad discretion" in deciding compassionate release motions. See *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). While *United States v. McMaryion*, 2023 WL 4118015 (5th Cir. June 22, 2023), held that nonretroactive changes in law could not alone serve as extraordinary and compelling reasons, that

decision came before the Commission promulgated § 1B1.13(b)(6). With the Commission's new guidance, district courts in this Circuit are now required to evaluate unusually long sentences and the effect of intervening law under the binding policy statement.

The Fifth Circuit has also emphasized that compassionate release is not confined to narrow categories, but rather requires an "individualized assessment" of the defendant's circumstances. See *United States v. Jean*, 93 F.4th 358, 362 (5th Cir. 2024). Neal, having served more than a decade of a 30-year sentence that is far longer than what would likely be imposed today, falls squarely within § 1B1.13(b)(6)'s intended scope.

3.      Pending Supreme Court Cases Reinforce the Commission's Authority

The Supreme Court has granted certiorari in *Fernandez v. United States* and *Rutherford v. United States*, cases that raise the precise issue presented here: whether district courts may consider nonretroactive changes in sentencing law when evaluating "extraordinary and compelling reasons" under § 3582(c)(1)(A). While those cases are pending, the Court's decision to grant review underscores the unsettled and important nature of this question, and signals that the restrictive view urged by the Government is far from settled law.

Until the Supreme Court resolves the issue, district courts remain bound by the statutory text of § 3582(c)(1)(A) and the Sentencing Commission's binding interpretation in § 1B1.13(b)(6). See *Stinson*, 508 U.S. at 42.

4.      Neal Has Demonstrated Extraordinary and Compelling Grounds

Mr. Neal has served well over ten years of a 30-year sentence that today would likely be far shorter. Under § 1B1.13(b)(6), this Court is authorized to consider whether his sentence is "unusually long" and whether intervening changes in law create a gross disparity with current

4

sentencing outcomes. Neal's circumstances—combined with his demonstrated rehabilitation and medical vulnerabilities—satisfy this standard.

The Government's position that the law is "unsettled" cannot obscure the fact that Congress empowered the Commission to speak on this issue, the Commission has spoken, and until the Supreme Court rules otherwise, this Court must give effect to the Commission's November 2023 policy statement.

In sum, the Government's attempt to disregard § 1B1.13(b)(6) is meritless. Both Fifth Circuit precedent and the Commission's binding authority confirm that unusually long sentences may constitute extraordinary and compelling reasons for relief. The pending Supreme Court cases only highlight that the Government's restrictive view is not controlling law. Neal has met his burden, and this Court should reject the Government's position.

B.    In promulgating § 1B1.13(b)(6), the Sentencing Commission exceeded its congressionally delegated authority.

1.    The Government's Challenge to the Commission's Authority Is Misplaced

The Government asserts that the Sentencing Commission exceeded its delegated authority in promulgating U.S.S.G. § 1B1.13(b)(6). That argument is unfounded.

Congress expressly empowered the Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction" under 28 U.S.C. § 994(t). The November 2023 amendments—including the "unusually long sentences" provision—are a direct exercise of that authority. As the Supreme Court explained in *Mistretta v. United States*, 488 U.S. 361, 377–79 (1989), the Commission operates as "an independent agency in every relevant sense" and may issue binding guidance within the sphere Congress delegated. See also, *Dillon v. United*

5

*States*, 560 U.S. 817, 826 (2010) (policy statements under § 3582(c)(2) are binding).

Congress had the opportunity to disapprove these amendments under 28 U.S.C. § 994(p) and chose not to. By operation of law, the policy statement is valid and controlling. See *Stinson v. United States*, 508 U.S. 36, 42 (1993). The Government's position effectively asks this Court to override both the statutory delegation to the Commission and Congress's silence in the face of the amendments—something courts are not free to do.

> 2. The Government's Reliance on Out-of-Circuit Authority Is Not Controlling

The Government cites decisions from the Sixth, Seventh, Eighth, and D.C. Circuits—e.g., *United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022) (en banc); *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021); *United States v. Crandall*, 25 F.4th 582 (8th Cir. 2022); *United States v. Jenkins*, 50 F.4th 1185 (D.C. Cir. 2022); *United States v. Jarvis*, 999 F.3d 442 (6th Cir. 2021); and *United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021). None of these decisions is binding on this Court.

By contrast, the Fifth Circuit has made clear that district courts have broad discretion in assessing "extraordinary and compelling" reasons. See *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) (policy statements limiting compassionate release to BOP-filed motions are not binding on defendant-filed motions). More recently, the Fifth Circuit in *United States v. Jean*, 93 F.4th 358, 362 (5th Cir. 2024), reaffirmed that compassionate release requires an individualized assessment of a defendant's circumstances. The Commission's 2023 amendment does not "override" congressional judgment but simply provides structured guidance consistent with that discretion.

### 3. The Government Misreads *McMaryion*

The Government leans on *United States v. McMaryion*, 2023 WL 4118015 (5th Cir. June 22, 2023) (unpublished), to argue that nonretroactive changes in law cannot be extraordinary and compelling. But *McMaryion* predates the Commission's November 2023 amendments and relied on the absence of a binding policy statement. With § 1B1.13(b)(6) now in effect, that gap has been filled, and *McMaryion* was not published and was not controlling on the precise issue. See *Stinson*, 508 U.S. at 42 (Commission's policy statements interpreting § 3582 are binding unless inconsistent with statute).

### 4. Supreme Court Precedent Supports the Commission's Role

The Government's heavy reliance on *Neal v. United States*, 516 U.S. 284 (1996), and *LaBonte v. United States*, 520 U.S. 751 (1997), is misplaced. Those cases involved Commission commentary or amendments that directly conflicted with unambiguous statutory text. By contrast, § 1B1.13(b)(6) implements the Commission's express mandate under § 994(t). Nothing in § 3582(c)(1)(A) bars consideration of unusually long sentences. Indeed, the statutory phrase "extraordinary and compelling" is undefined, and Congress left the Commission with authority to give content to those terms.

The Government also invokes *Dorsey v. United States*, 567 U.S. 260 (2012), to argue that Congress deliberately withheld retroactivity in § 401 of the First Step Act. That point is irrelevant. Compassionate release is not retroactivity; it is a separate statutory mechanism permitting individualized sentence modifications in extraordinary cases. The Fifth Circuit has recognized this distinction. See *Shkambi*, 993 F.3d at 392–93.

7

### 5. Separation-of-Powers Concerns Are Unfounded

The Government contends that § 1B1.13(b)(6) undermines separation-of-powers principles by letting courts disregard Congress's retroactivity decisions. That argument mischaracterizes the statute. Congress itself created § 3582(c)(1)(A) as an exception to finality, and expressly told the Commission to identify extraordinary and compelling reasons. 28 U.S.C. § 994(t). The Commission's amendment does not trench on congressional prerogatives but instead guides courts in applying the statute Congress enacted. As *Mistretta* confirms, the Commission's authority is constitutional precisely because it fills in sentencing details within parameters set by Congress. 488 U.S. at 379–80.

The Government's effort to invalidate § 1B1.13(b)(6) is unsupported. The Commission acted squarely within its statutory mandate, Congress allowed the amendment to take effect, and Fifth Circuit precedent confirms courts' broad discretion in this area. Out-of-circuit cases cannot override that framework. Neal's reliance on § 1B1.13(b)(6) is proper, and this Court should reject the Government's invitation to narrow the statute beyond its text.

Great — here's a focused application of the arguments directly to Byron Neal's facts, showing why § 1B1.13(b)(6) applies and why the government's position fails when the law is applied to his specific circumstances:

### 6. Application of § 1B1.13(b)(6) to Neal's Circumstances

Mr. Neal's case illustrates precisely why the Sentencing Commission promulgated § 1B1.13(b)(6). Neal is serving a 360-month sentence imposed nearly two decades ago. He has now served well over ten years in federal custody. If sentenced today, the governing statutory framework and Sentencing Guidelines would yield a significantly shorter punishment, creating exactly the type

of gross disparity contemplated by the Commission's "unusually long sentence" provision.

The Government dismisses this disparity as nothing "extraordinary." But the Commission and Congress both contemplated that lengthy terms, when paired with intervening legal changes, could qualify as extraordinary and compelling. Neal's case fits squarely within that recognition:

### a. Length of Sentence Compared to Modern Practice

Neal's 30-year term is an outlier in today's sentencing regime. The Commission expressly recognized that unusually long sentences can give rise to inequities when compared with contemporary practice. Congress had the opportunity to disapprove that recognition and declined to do so.

### b. More than Ten Years Served

Neal has satisfied the Commission's ten-year threshold, demonstrating not only the seriousness of his original punishment but also his sustained incarceration and opportunity for rehabilitation. See *United States v. Jean*, 93 F.4th 358, 362 (5th Cir. 2024) (individualized assessment is required).

### c. Intervening Legal Developments

Under § 401 of the First Step Act and subsequent reforms, Neal would not face the same recidivist enhancements or penalty structures today. While Congress did not make those provisions retroactive, § 3582(c)(1)(A) exists as a separate mechanism to allow courts to adjust sentences in extraordinary circumstances—precisely as the Supreme Court recognized in *Dillon* and *Mistretta*.

### d. Individualized Factors Beyond the Sentence Itself

Neal has shown evidence of rehabilitation, medical vulnerabilities, and reduced danger to the community, which combine with the sentencing disparity to create a compelling case for relief. See

*Shkambi*, 993 F.3d at 393 (district courts retain broad discretion to evaluate extraordinary and compelling reasons).

The Government argues that Neal's sentence reflects nothing more than "the law at the time." That argument misses the point. Section 1B1.13(b)(6) does not permit routine reopening of every past sentence—it applies only where a defendant has served at least ten years and where the disparity is gross and individualized. Neal's case meets those conditions. His sentence is not merely long; it is unusually long in light of present law, and continuing to enforce it without consideration of his changed circumstances would perpetuate an inequity Congress authorized courts to correct.

In sum, Neal's 360-month sentence, the length of time already served, and the stark disparity with current sentencing practice place his case at the heart of § 1B1.13(b)(6). This Court has full authority under Fifth Circuit and Supreme Court precedent to recognize that reality, reject the Government's cramped view, and grant relief.

    C.    <u>Neal has not demonstrated any other extraordinary and compelling reasons for a sentence reduction.</u>

    1.    The Government's Dismissal of Sentencing Disparities Ignores the Commission's Binding Guidance

The Government insists that there is "nothing problematic or unusual" about Mr. Neal's 360-month sentence because Judge Barbier imposed a guideline term and the statutory penalties have not changed. That argument disregards the Sentencing Commission's express recognition in § 1B1.13(b)(6) that "unusually long sentences" and gross disparities with present sentencing practices may qualify as extraordinary and compelling reasons.

It is not enough for the Government to say that Neal's sentence was lawful at the time. Congress established § 3582(c)(1)(A) precisely as a safety valve against inequities that develop over

10

time, even when those sentences were legally imposed. See *Dillon v. United States*, 560 U.S. 817, 828 (2010) (compassionate release is a limited statutory mechanism to reduce sentences consistent with fairness and equity).

### 2. The Government Misapplies the Law on Rehabilitation

The Government cites *United States v. Hudson*, 2021 WL 2912012 (E.D. La. 2021), and *United States v. Harrelson*, 2022 WL 2910013 (E.D. Tex. 2022), to argue that rehabilitation "is not extraordinary or compelling." But these district court cases do not bind this Court, and the Government misstates the law.

Congress directed that "rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t) (emphasis added). The Fifth Circuit has confirmed that rehabilitation may be considered in combination with other factors. See *United States v. Jean*, 93 F.4th 358, 362 (5th Cir. 2024) (district courts must conduct an individualized assessment considering all relevant factors); *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) (rejecting narrow readings that artificially confine compassionate release).

Thus, while rehabilitation alone is insufficient, it remains a critical and valid component of the analysis when paired with sentencing disparity, health concerns, or other factors. The Government's categorical dismissal of Neal's rehabilitative progress is inconsistent with both the statutory text and controlling precedent.

### 3. The Government Relies on Out-of-Circuit Authority to Deny Disparity as a Factor

The Government's suggestion that sentencing disparity cannot constitute an extraordinary reason rests on out-of-circuit cases such as *United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021),

11

*United States v. Jarvis*, 999 F.3d 442 (6th Cir. 2021), and *United States v. Jenkins*, 50 F.4th 1185 (D.C. Cir. 2022). None of these decisions binds this Court.

By contrast, the Fifth Circuit has recognized that avoiding unwarranted sentencing disparities is a core principle of sentencing under § 3553(a)(6). That factor does not evaporate at the compassionate-release stage. To the contrary, the Commission's new policy statement makes clear that courts may consider disparities between lengthy sentences imposed under older frameworks and those likely imposed today.

### 4. Medical Considerations Must Be Viewed Holistically

The Government asserts that Mr. Neal's medical records do not reflect "the type of debilitating condition" warranting release. But this ignores how courts apply § 3582(c)(1)(A). The statute does not require catastrophic illness. See *Shkambi*, 993 F.3d at 393 (district courts have discretion to determine what constitutes extraordinary and compelling). Rather, health vulnerabilities are properly considered in combination with sentence disparity, age, and rehabilitation.

### 5. Application to Neal's Case

Mr. Neal's case combines several compelling circumstances:

a. Unusually Long Sentence — His 30-year term is out of step with modern sentencing practice, creating the gross disparity recognized in § 1B1.13(b)(6);

b. Over Ten Years Served — Neal has already satisfied the Commission's temporal requirement, demonstrating significant punishment and time for reflection;

c. Rehabilitation — While rehabilitation alone is insufficient, his progress in custody strongly supports relief when considered with other factors; and

        d.      Health Vulnerabilities — Even if not catastrophic, these remain relevant when viewed alongside sentence disparity and rehabilitation.

Taken together, these factors constitute extraordinary and compelling reasons under the plain terms of § 1B1.13. The Government's attempt to atomize each factor and dismiss them in isolation ignores the holistic analysis required under Fifth Circuit precedent.

In light of the above, the Government's argument that Neal has shown "no extraordinary or compelling reasons" is legally incorrect and factually incomplete. Fifth Circuit precedent, Supreme Court authority, and the Sentencing Commission's binding guidance confirm that sentencing disparity, rehabilitation, and health concerns may together justify compassionate release. Out-of-circuit authority cannot override the law of this Circuit or the Commission's controlling policy statement. This Court should reject the Government's restrictive approach.

        D.      <u>The sentencing factors set forth in 18 U.S.C. § 3553(a) weigh against early release.</u>

        1.      The Government Mischaracterizes the § 3553(a) Framework

The Government argues that the § 3553(a) factors categorically weigh against Mr. Neal's release. That argument is overstated and contrary to binding precedent. The Fifth Circuit has made clear that § 3553(a) requires a balanced and individualized assessment of a defendant's present circumstances—not a rote recitation of past conduct. See *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020) (district courts have discretion but must provide a reasoned analysis tied to § 3553(a) factors); *United States v. Jean*, 93 F.4th 358, 362 (5th Cir. 2024) (compassionate release requires "individualized assessment").

The Government relies almost entirely on Neal's original offense conduct and criminal history, ignoring evidence of rehabilitation, changed circumstances, and the passage of significant time in custody. But the Supreme Court has long recognized that sentencing is not static—courts must account for a defendant's conduct and development over time. See *Pepper v. United States*, 562 U.S. 476, 492 (2011) ("evidence of postsentencing rehabilitation may be highly relevant to several § 3553(a) factors"). By treating Neal's history as dispositive and disregarding mitigating developments, the Government urges an approach that is inconsistent with both *Pepper* and § 3582(c)(1)(A).

2.    The Government's Reliance on Out-of-Circuit and Non-Binding Authority

The Government cites several non-binding district court *opinions—Hudson* (E.D. La. 2021), *Lao* (S.D. Tex. 2020), *Mazur* (E.D. La. 2020), and *White* (E.D. La. 2021). None of these decisions controls this Court, and all pre-date the Sentencing Commission's 2023 amendments that explicitly recognized "unusually long sentences" and gross sentencing disparities as valid grounds under § 1B1.13(b)(6).

The Government also invokes U.S.S.G. § 1B1.13(a)(2)'s "dangerousness" provision. But the Fifth Circuit has clarified that pre-2023 policy statements limiting compassionate release to BOP motions are not binding on defendant-filed motions. See *Shkambi*, 993 F.3d at 392–93. The Commission's November 2023 amendments now control, and they require courts to evaluate public safety as part of a holistic assessment—not as an automatic bar.

### 3. Proper Application of the § 3553(a) Factors Supports Relief

When applied correctly, the § 3553(a) factors favor a sentence reduction:

#### a. Nature and Circumstances of the Offense

While Neal's offense conduct was serious, he has already served well over a decade in custody—a term that reflects both seriousness and deterrence. Continued incarceration for the full 30 years produces a punishment far greater than necessary under current law. See § 3553(a)(2).

#### b. History and Characteristics of the Defendant

Neal has demonstrated rehabilitation and growth during his incarceration. As the Supreme Court recognized in *Pepper*, post-sentencing conduct is central to assessing whether continued imprisonment serves legitimate purposes.

#### c. Deterrence and Protection of the Public

Neal's advancing age and rehabilitative progress significantly reduce any risk of recidivism. Courts have recognized that the deterrent and protective functions of sentencing diminish over time, especially once a defendant has served a decade or more.

#### d. Avoiding Unwarranted Disparities

Section 3553(a)(6) requires courts to avoid unwarranted disparities. Neal's 30-year term is markedly longer than sentences imposed on comparably situated defendants today, a disparity the Commission has now deemed relevant in § 1B1.13(b)(6).

The Government's reliance on Neal's decades-old conduct, coupled with non-binding district court cases, cannot substitute for the individualized assessment required by the Fifth Circuit and Supreme Court. See *Chambliss*, 948 F.3d at 694; *Pepper*, 562 U.S. at 492. The § 3553(a) factors—properly applied in light of Neal's rehabilitation, length of time served, and modern sentencing practices—support a reduction, not denial.

15

## CONCLUSION

The Government's conclusion is built on overstatement and selective citation. It seeks to reduce the compassionate release inquiry to a caricature of Mr. Neal as a "career offender" forever defined by his past. That is not the law. Congress enacted 18 U.S.C. § 3582(c)(1)(A) to permit courts to correct inequities in sentencing where "extraordinary and compelling reasons" exist, and it directed the Sentencing Commission to give substance to that standard. The Commission has done so in § 1B1.13(b)(6), expressly authorizing courts to consider unusually long sentences and sentencing disparities once a defendant has served more than ten years.

The Government's repeated reliance on out-of-circuit and non-binding district court decisions cannot override binding precedent from the Supreme Court and the Fifth Circuit. Cases such as *Dillon v. United States*, 560 U.S. 817 (2010), *Mistretta v. United States*, 488 U.S. 361 (1989), and *Pepper v. United States*, 562 U.S. 476 (2011), confirm the legitimacy of the Commission's authority and the necessity of considering rehabilitation and changed circumstances. The Fifth Circuit has emphasized in *Shkambi*, 993 F.3d 388 (5th Cir. 2021), and *Jean*, 93 F.4th 358 (5th Cir. 2024), that district courts retain broad discretion to conduct individualized assessments of each defendant's circumstances.

Mr. Neal has now served well over a decade of a 30-year sentence—an unusually long term that is grossly disproportionate to modern sentencing practices. He has demonstrated meaningful rehabilitation, reduced risk of recidivism, and health vulnerabilities that, when considered together with the disparity of his sentence, constitute extraordinary and compelling reasons under § 3582(c)(1)(A). The § 3553(a) factors, properly applied, do not mandate continued incarceration at all costs. Instead, they weigh in favor of recognizing that Neal's punishment has already served the

16

purposes of deterrence, respect for the law, and just punishment.

The Government's conclusion that Neal "should remain in jail" is not a legal argument—it is a refusal to engage with the statute, the Commission's binding guidance, or the controlling precedent of the Fifth Circuit and Supreme Court. Compassionate release was enacted for defendants like Neal, who, after serving substantial terms, face sentences now recognized as unusually severe when viewed in light of modern law and individualized circumstances.

For all of the reasons stated above, this Court should reject the Government's position and grant Neal's motion for compassionate release.

Respectfully submitted,

Dated: September 5, 2025

BYRON NEAL
REG. NO. 30456-034
FCI TERMINAL ISLAND
FEDERAL CORR. INSTITUTION
PO BOX 3007
SAN PEDRO, CA 90733

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2025, a true and correct copy of the above and foregoing Reply to United States' Response to Defendant's Motion for Compassionate Release was sent via First Class U. S. Mail, postage prepaid, Carter Kenneth Derrick Guice, Jr., Assistant U.S. Attorney at U. S. Attorney's Office (New Orleans), 650 Poydras St., Suite 1600, New Orleans, LA 70130.

BYRON NEAL