UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL DOCKET

VERSUS                                      NO: 07-425

BYRON NEAL                                  SECTION: "J"

**ORDER & REASONS**

Before the Court is a *Motion for Compassionate Release Pursuant to 18 U.S.C.*
*§ 3582(c)(1)(A) and First Step Act of 2018* (Rec. Doc. 397) filed by *pro se* Defendant,
Byron Neal ("Neal"). The United States of America ("the Government") opposed
Neal's Motion. (Rec. Doc. 399). Neal filed a reply. (Rec. Doc. 400). Having considered
the motion and memoranda, the record, and the applicable law, the Court finds that
Defendant's motion should be **DENIED**.

**FACTS AND PROCEDURAL BACKGROUND**

A grand jury indicted Neal in 2009, charging him with five offenses: Counts 1
and 2, distribution of at least fifty grams of crack; Count 3, possession with intent to
distribute a quantity of crack; Count 4, conspiracy to murder a confidential
informant; and Count 5, tampering with a witness or informant. (Rec. Doc. 52, at 1–
4). Neal pleaded guilty on all counts (Rec. Doc. 196, at 1), but moved to withdraw his
guilty plea (Rec. Doc. 204, at 1). The Court later denied Neal's Motion to Withdraw
Guilty Plea. (Rec. Doc. 224, at 1). This Court sentenced Neal to 360 months for Counts
1, 2, 4, and 5 with a concurrent term of 240 months for Count 3. (Rec. Doc. 223).

1

In 2013, the Fifth Circuit vacated Neal's conviction as to Counts 4 and 5, remanded the case to this Court for repleading on those dismissed counts, and affirmed Neal's conviction and 360-month sentence. (Rec. Doc. 249, at 17). Eight days later, this Court dismissed Counts 4 and 5 without prejudice but did not adjust Neal's sentence. (Rec. Doc. 253, at 1).

Neal filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 in 2014, asserting ineffective assistance of counsel and disproportionate sentencing. (Rec. Doc. 259, at 4). This Court denied Neal's Motion to Vacate. (Rec. Doc. 266, at 14, at 6). In 2019, Neal filed a Motion to Reduce Sentence pursuant to the First Step Act (Rec. Doc. 317, at 1), which this Court also denied (Rec. Doc. 327, at 6), and later in 2020, the Court denied another Motion to Reduce Sentence (compassionate release) filed by Neal (Rec. Doc. 332, at 2). Neal filed the instant Motion for Compassionate Release in July 2025. (Rec. Doc. 397).

## LEGAL STANDARD

"A court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). To meet the exhaustion requirement, a defendant must submit a request to "the warden of the defendant's facility" for the BOP "to bring a motion [for compassionate release] on the defendant's behalf." § 3582(c)(1)(A). If the request

is denied, the defendant must pursue and exhaust "all administrative rights to appeal." *Id.* Alternatively, the requirement is considered satisfied after "30 days from the receipt of such a request by the warden." *Id.*

Once a defendant has exhausted his administrative remedies, the Court may then reduce the defendant's term of imprisonment if it finds that extraordinary and compelling reasons warrant a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). This reduction must be consistent with applicable policy statements of the Sentencing Commission. *Id.* Section 3582(c)(1)(A)(i)'s use of "extraordinary and compelling" captures the truly exceptional cases that fall within no other statutory category and sets "an exceptionally high standard for relief." *United States v. McCoy*, 981 F.3d 271, 287–88 (4th Cir. 2020). The defendant has the burden of demonstrating extraordinary and compelling reasons supporting his release. *See United States v. Washington*, No. CR 16-19, 2020 WL 4000862, at *3 (E.D. La. July 15, 2020). The U.S. Sentencing Guidelines provide that a reduction should be granted only if "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). If the Court grants a sentence reduction, it may impose a term of supervised release with conditions, including home confinement, "that does not exceed the unserved portion of the original term of imprisonment." § 3582(c)(1)(A).

## PARTIES' ARGUMENTS AND DISCUSSION

In his *Motion for Compassionate Release* and in compliance with the First Step Act, Neal argues that he has exhausted all administrative remedies by (1) making a request to the warden and (2) having that request denied. (Rec. Doc. 397, at 26). The government does not dispute that Neal has exhausted the administrative remedies required for compassionate release. (Rec. Doc. 400, at 2).

Neal then contends that he is serving an unusually long sentence, which constitutes an extraordinary and compelling reason to grant his compassionate release. (Rec. Doc. 397, at 28). Neal asserts that his sentence, when paired with the change in law to the Sentencing Guidelines relating to drug offenses like his own, creates a gross disparity between the sentence he is currently serving and the sentence the Court would likely impose today. *Id.* at 27–28. Additionally, Neal contends that even if an unusually long sentence is not considered an extraordinary and compelling reason when applied to his case, he has medical vulnerabilities and has made progress toward rehabilitation. (Rec. Doc. 400 at 10–11). As Neal contends, both constitute extraordinary and compelling reasons sufficient for the Court to grant his request for compassionate release. *Id.*

In opposition, the Government argues that a non-retroactive change to a statutory provision cannot constitute an extraordinary and compelling reason for a sentence reduction, and that the Commission specifically precluded courts from using compassionate release as a detour around limitations to retroactivity. (Rec. Doc. 14–15). The Government claims that Congress has declined to disturb the 21 U.S.C. § 841(b) drug-offense penalties already imposed and has applied the adjustment only

4

to *future* sentences. (Rec. Doc. 399, at 14). The Government suggests that any possible disparity between the sentence the Court imposed when the jury convicted Neal and the sentence the Court would impose today is the product of deliberate congressional design. *Id.* at 15. Further, the Government contends that even if 18 U.S.C. § 1B1.13(b)(6) did apply retroactively to Neal's sentence, the Court would not create a gross disparity denying Neal's motion, because his sentence range would be the same today as when imposed by the Court. *Id.* at 18–19.

In *United States v. Austin*, the Fifth Circuit affirmed the district court's decision and declined to grant compassionate release to the defendant. *United States v. Austin*, 125 F.4th 688, 693 (5th Cir. 2025). The court sentenced the defendant to twenty years' imprisonment, the mandatory minimum at the time, for conspiracy to distribute cocaine hydrochloride and cocaine base in violation of 21 U.S.C. § 846. *Id.* at 691. The defendant argued that, under the change in the Sentencing Guidelines, he should only face a sentence of fifteen years. *Id.* at 693. The court determined that, despite the change, non-retroactive changes in law are not extraordinary or compelling. *Id.* at 692. In *Austin*, the Fifth Circuit stated that, "Congress explicitly made this change non-retroactive." *Id.* at 691.

In the instant case, not only does the change in law to the Sentencing Guidelines not apply retroactively, as noted in *Austin*, but also Neal has not provided the Court with any factual support for his assertions. He has failed to supply the Court with even a single case showing that the change of law applicable to his sentence has been made retroactive or that his sentence is unusually long when

compared to similarly situated defendants sentenced under today's Sentencing Guidelines. Additionally, Neal has failed to provide the Court with any medical records, prison records, or specific anecdotes to support his assertion that he suffers from other medical vulnerabilities or that he has been sufficiently rehabilitated. In fact, Neal's own language states that he has "made progress" toward rehabilitation, not that he is, in fact, rehabilitated. (Rec. Doc. 400, at 11). Without an additional extraordinary or compelling reason, supported by documentation, there is nothing to warrant granting compassionate release.

Finally, the Government argues that if Neal demonstrated other extraordinary and compelling reasons warranting compassionate release, his individual § 3553(a) sentencing factors do not support a sentence reduction. (Rec. Doc. 399, at 19–21). The Government asserts that Neal is a "career criminal" who has dealt drugs and conspired to kill a witness, thus endangering the community. *Id.* at 20–21.

Here, the Government convincingly argues that Neal's individual sentencing factors weigh against compassionate release. Neal conspired to murder an informant while in custody and awaiting trial and is a career offender with prior convictions for firearms and drug distribution offenses. Neal has not offered any argument to demonstrate that he is no longer a danger to others or the community. Thus, there is nothing to warrant granting Neal's motion.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Byron Neal's *Motion for Compassionate Release* **(Rec. Doc. 397)** is **DENIED**.

New Orleans, Louisiana, this 21st day of November, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE